IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.   01-CV-01854-LTB-BNB

LAWRENCE GOLAN, RICHARD KAPP, S. A. PUBLISHING CO., IND., d/b/a ESS.A.Y RECORDINGS, SYMPHONY OF THE CANYONS, RON HALL d/b/a FESTIVAL FILMS, and JOHN McDONOUGH, d/b/a TIMELESS VIDEO ALTERNATIVES INTERNATIONAL,

    Plaintiffs,

v.

ALBERTO R. GONZALEZ, in his official capacity as Attorney General of the United States, and MARYBETH PETERS, Register of Copyrights, Copyright Office of the United States,

    Defendants.
_____

ORDER
_____

    The Government, having secured summary judgment on all of the plaintiffs' claims, submitted a bill of costs and the plaintiffs objected. The parties do not dispute that the Government incurred the costs deposing the plaintiffs, the plaintiffs' expert witnesses, and its own experts in anticipation of trial. The Chief Deputy Clerk, after review, assessed costs in the amount of zero. I thus overruled as moot the plaintiffs' objection to the Government's bill of costs. The Government now moves for review of the Chief Deputy Clerk's taxation of costs.

    My review of the cost taxation is *de novo*. Fed. R. Civ. P. 54(d)(1); *Hansen v. Sea Ray Boats, Inc.*, 160 F.R.D. 166, 167 (D. Utah 1995). The award of costs is committed to my discretion. *Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). However, Rule 54 creates a presumption that I will award costs to the Government, which prevailed here, and I must provide a valid reason if I do not award the costs requested. *Id*.

The plaintiffs argue that the costs the Government has itemized were not necessary for the Government's use in the case; I granted the Government's motion for summary judgment without regarding the depositions. *See* 28 U.S.C. § 1920. The Tenth Circuit addressed this argument in *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336 (10th Cir. 1998), where the court commended measuring the necessity of a cost according to the facts known to the parties at the time they incurred it. *Id*. at 1340. I do not "attempt to employ the benefit of hindsight in determining whether an otherwise taxable item was necessarily obtained for use in the case." *Id*. At the time that parties engage in discovery, they may not know whether a dispositive motion will be granted or whether they will be forced to proceed to trial. *Ibid*. "Hence, caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation which include the possibility of trial." *Id*.

> It would therefore be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.

*Id*.

This case is unusual because, after extensive though somewhat belated discovery, the plaintiffs did not present any evidence that might have raised a factual question. Indeed, all the evidence the plaintiffs presented at the summary judgment stage bore upon legal questions. Nevertheless, throughout the litigation of this action, and in their response to the summary judgment motion, the plaintiffs insisted that material factual issues precluded entry of judgment as a matter of law. The Government, in an exercise of prudence and in anticipation of trial, prepared to rebut the plaintiffs' factual assertions after filing its motion for summary judgment. The trial only later became unnecessary when I granted the Government's motion. That the

Government prevailed on summary judgment as a matter of law, regardless of immaterial factual disputes, is not reason to deny it expenditures that had no bearing on the motion but at the time appeared otherwise necessary for proper preparation of the case for trial.

*United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd.*, 174 F.R.D. 479, 484 (D. Colo. 1997) and *James v. Coors Brewing Co.*, 73 F. Supp. 2d 1250, 1260 (D. Colo. 1999) are not contrary. Parties, such as the Government here, may *de jure*, and must *de facto*, collect and prepare materials for use in the case even though some of those materials will turn out not to be of service because the case is disposed before trial. The materials for which the Government here seeks taxation of costs were prepared for use in presenting evidence to the court and would have been employed had this case proceeded to trial on a factual dispute. Those materials are thus unlike extra copies of pleadings and motions and investigatory materials that would not in any event have assisted the court in disposing of the disputed issues in the case.

The plaintiffs also argue that the Government conducted the depositions solely for the convenience of counsel or for investigatory purposes because it did not use the deposition transcripts in support of its motion for summary judgment. They cite *Stahl v. Sun Microsystems, Inc.*, 139 F.R.D. 173, 174 (D. Colo. 1991) and *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993), in which courts disallowed costs that were not reasonably necessary to the litigation. The plaintiffs' argument merely restates in a different form that which I have already answered and the cases cited do not support the argument.

While the costs associated with the various depositions are reasonable and allowable, the Government has not demonstrated that it would have had use at trial for the copies of documents

3

it obtained from Boosey & Hawkes. Thus, $193.41 in copying costs must be deducted from the Government's request.

Accordingly, IT IS ORDERED that costs shall be awarded to the Government in the amount of $10,767.77.

Dated: August  24 , 2005, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge