IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:01-cv-1854-LTB-BNB

LAWRENCE GOLAN, RICHARD KAPP, S.A. PUBLISHING CO., INC., d/b/a ESS.A.Y RECORDINGS, SYMPHONY OF THE CANYONS, RON HALL, d/b/a FESTIVAL FILMS, and JOHN McDONOUGH, d/b/a TIMELESS VIDEO ALTERNATIVES INTERNATIONAL,

    Plaintiffs,

v.

ERIC H. HOLDER JR., in his official capacity as Attorney General of the United States, MARYBETH PETERS, in her official capacity as Register of Copyrights, Copyright Office of the United States,

    Defendants.

---

**DECLARATION OF CHRISTOPHER K. RIDDER IN SUPPORT OF PLAINTIFFS' BILL OF COSTS**

---

I, Christopher K. Ridder, being of lawful age and competent to testify regarding these matters, hereby submit this declaration pursuant to 28 U.S.C. § 1746.

1. I am a Residential Fellow at the Center for Internet and Society at Stanford Law School ("CIS"), and am one of the attorneys representing Plaintiffs in the above-referenced action. I am submitting this Declaration in support of Plaintiffs' Bill of Costs.

2. This declaration is based upon my personal knowledge, the declarations of Marina Sleeper, Holly Gaudreau and Carolyn J. Fairless submitted herewith, and the records kept by Stanford Law School and the Center for Internet and Society in the regular course of business.

3. I have attached to this declaration true and correct copies of invoices and other backup documentation, where available, as well as purchase requisitions and reimbursement requests from Stanford Law School's accounting system reflecting the costs incurred by CIS. Stanford Law School's Manager of Financial Services Marina Sleeper has submitted a declaration concurrently herewith explaining that the purchase requisitions and reimbursement requests are an accurate reflection of costs actually incurred and actually paid by CIS for the services they describe.

4. Attached as Exhibit A to this declaration is a detailed summary of the costs requested by Plaintiffs.

5. In support of Plaintiffs' request for $1405.00 for Fees of the Clerk, I have included the following costs:

   o Attached as Exhibit B to this declaration is a true and correct copy of the first page of the Docket in this matter, reflecting the $150.00 filing fee for the

Complaint in this matter. This cost was necessary in order to begin the above-referenced action.

- o Attached as Exhibit C to this declaration is a true and correct copy of the purchase requisition reflecting Plaintiffs' $255.00 payment for filing a Notice of Appeal. This cost was necessary in order for Plaintiffs to pursue their appeal before the United States Court of Appeals for the Tenth Circuit.

- o Attached as Exhibit D to this declaration is a true and correct copy of the purchase requisition reflecting Plaintiffs' $200.00 payment for the admission of Lawrence Lessig to the United States Court of Appeals for the Tenth Circuit. This cost was necessary, because Mr. Lessig argued the case on appeal.

- o Attached as Exhibit E to this declaration is a true and correct copy of the purchase requisition and related documentation reflecting Plaintiffs' $160.00 payment for the admission of Christopher Sprigman to this Court. This cost was necessary because of Mr. Sprigman's work on this matter.

- o Attached as Exhibit F to this declaration is a true and correct copy of the purchase requisition and related documentation reflecting Plaintiffs' $160.00 payment for the admission of Jennifer Granick to this Court. This cost was necessary because of Ms. Granick's work on this matter.

- o Attached as Exhibit G to this declaration is a true and correct copy of the reimbursement request and related documentation reflecting Plaintiffs' $160.00 payment for the admission of Anthony T. Falzone to this Court. This cost was

necessary because, following the departure of Ms. Granick and Mr. Sprigman from CIS, Mr. Falzone took over as lead counsel on the case.

- o Attached as Exhibit H to this declaration is a true and correct copy of the reimbursement request and related documentation reflecting Plaintiffs' $160.00 payment for the admission of Julie A. Ahrens to this Court. This cost was necessary because of Ms. Ahrens's work on this matter following the departure of Ms. Granick and Mr. Sprigman.

- o Attached as Exhibit I to this declaration is a true and correct copy of documentation reflecting Plaintiffs' $160.00 payment for the admission of Christopher K. Ridder to this Court. This cost was necessary because of Mr. Ridder's work on this matter following the departure of Ms. Granick and Mr. Sprigman.

6. In support of Plaintiffs' request for $45.40 for Fees for Service of Summons and Complaint, Ms. Carolyn Fairless has attached a copy of the invoice for this cost as Exhibit D to her declaration submitted concurrently herewith, and described why the cost was necessary in Paragraph 2 of her declaration.

7. In support of Plaintiffs' request for $255.75 for fees of the court reporter for transcripts, I have included the following costs:

- o Ms. Carolyn Fairless has attached a copy of the invoice reflecting Plaintiffs' $84.75 payment for a transcript of the May 19, 2004 Scheduling Conference as Exhibit B to her declaration submitted concurrently herewith. This cost was

necessary, because the transcript was cited and attached to Plaintiffs' January 27, 2005 Motion for Reconsideration.

- Ms. Carolyn Fairless has attached a copy of the invoice reflecting Plaintiffs' $171.00 payment for a transcript of the motions hearing held on August 17, 2004 as Exhibit C to her declaration submitted concurrently herewith.  This cost was necessary because the transcript was cited and attached to Plaintiffs' January 27, 2005 Motion for Reconsideration.

8. In support of Plaintiffs' request for $6,936.00 for copying costs, I have included the following:

- Ms. Holly Gaudreau has attached invoices reflecting $2,101.20 in copying costs incurred by Townsend and Townsend and Crew LLP as Exhibits E-H to her declaration submitted concurrently herewith, and explained the necessity for those costs in Paragraph 3 of that declaration.

- Ms. Carolyn Fairless has attached a detailed summary of $4,828.50 in copying costs incurred by Wheeler Trigg Kennedy LLP as Exhibit E to her declaration submitted concurrently herewith, and explained the necessity for those costs in Paragraph 3 of that declaration.

- Ms. Carolyn Fairless has attached invoices reflecting $6.30 in copying costs required to obtain file-stamped pleadings for the appendix to the Opening Brief filed in Case No. 05-1259 in the Tenth Circuit as Exhibit A to her declaration submitted concurrently herewith, and explained the necessity for those costs in Paragraph 2 of that declaration.

9. In support of Plaintiffs' request for $9009.94 for in costs incident to taking of depositions, I have included the following:

- o Attached as Exhibit J to this declaration is a true and correct copy of the purchase requisition and related documentation reflecting Plaintiffs' $72.94 payment for use of a speakerphone during the preparation for, and deposition of, Professor Lionel Bently. This cost was necessary for the participation of additional attorneys, because Professor Bentley's deposition was taken in London, England.
- o Attached as Exhibit K to this declaration is a true and correct copy of the purchase requisition reflecting Plaintiffs' $833.33 payment for court reporter services and a transcript of the deposition of Plaintiff Richard Kapp. This cost was necessary because Mr. Kapp was designated to testify at trial in the parties' Pretrial Order, Paragraph 6(a)(1) [Docket No. 108].
- o Attached as Exhibit L to this declaration is a true and correct copy of the purchase requisition reflecting Plaintiffs' $1034.88 payment for videography of the deposition of Plaintiff Richard Kapp. This cost was necessary to preserve Mr. Kapp's testimony for use at trial. Mr. Kapp was battling cancer when his deposition was taken, and subsequently passed away while this matter was pending. Mr. Kapp was designated to testify at trial in the parties' Pretrial Order, Paragraph 6(a)(1) [Docket No. 108].
- o Attached as Exhibit M to this declaration is a true and correct copy of the purchase requisition and an invoice reflecting Plaintiffs' $765.00 payment for court reporter fees and a transcript of the deposition of Plaintiffs John McDonough and Ron Hall.

   This cost was necessary because Messrs. McDonough and Hall were designated to testify at trial in the parties' Pretrial Order, Paragraph 6(a)(1) [Docket No. 108].

- Attached as Exhibit N to this declaration is a true and correct copy of the purchase requisition and an invoice reflecting Plaintiffs' $434.95 payment for court reporter fees and a transcript of the deposition of Plaintiff Kortney Stirland. This cost was necessary because Mr. Stirland was designated to testify at trial in the parties' Pretrial Order, Paragraph 6(a)(1) [Docket No. 108].

- Attached as Exhibit O to this declaration is a true and correct copy of the purchase requisition and an invoice reflecting Plaintiffs' $359.00 payment for court reporter fees and a transcript of the deposition of Plaintiff Lawrence Golan. This cost was necessary because Mr. Golan was designated to testify at trial in the parties' Pretrial Order, Paragraph 6(a)(1) [Docket No. 108].

- Attached as Exhibit P to this declaration is a true and correct copy of the purchase requisition and an invoice reflecting Plaintiffs' $940.50 payment for a transcript of the deposition of Plaintiff's expert Professor Mark Rose. This cost was necessary because Professor Rose was designated to testify at trial in the parties' Pretrial Order Paragraph, 6(b)(1) [Docket No. 108].

- Attached as Exhibit Q to this declaration is a true and correct copy of the purchase requisition and an invoice reflecting Plaintiffs' $466.94 payment for a transcript of the deposition of Plaintiff's expert Professor Lionel Bentley. This cost was necessary because Professor Bentley was designated to testify at trial in the parties' Pretrial Order Paragraph, 6(b)(1) [Docket No. 108].

- Ms. Holly Gaudreau has attached as Exhibit A to her declaration submitted concurrently herewith an invoice in the amount of $477.05, for the cost of a transcript of the deposition of Plaintiffs' expert Professor Hal Varian. This cost was necessary because Professor Varian was designated to testify at trial in the parties' Pretrial Order Paragraph, 6(b)(1) [Docket No. 108].
- Ms. Holly Gaudreau has attached as Exhibit B to her declaration submitted concurrently herewith an invoice in the amount of $638.00, for the cost of a transcript of the deposition of Defendant's expert Douglas Usher. This cost was necessary because Mr. Usher was designated to testify at trial in the parties' Pretrial Order Paragraph 6(d) [Docket No. 108].
- Ms. Holly Gaudreau has attached as Exhibit C to her declaration submitted concurrently herewith an invoice in the amount of $1015.00, for the cost of a transcript of the deposition of Defendant's expert Professor Howard Abrams. This cost was necessary because Professor Abrams was designated to testify at trial in the parties' Pretrial Order Paragraph 6(d) [Docket No. 108].
- Ms. Holly Gaudreau has attached as Exhibit D to her declaration submitted concurrently herewith an invoice in the amount of $716.25, for the cost of a transcript of the deposition of Defendant's expert Dr. Michelle Burtis. This cost was necessary because Dr. Burtis was designated to testify at trial in the parties' Pretrial Order Paragraph 6(d) [Docket No. 108].
- Attached as Exhibit R to this declaration are true and correct copies of the purchase requisition and an invoice reflecting Plaintiffs' $1256.10 payment for a

transcript of the deposition of Defendant's expert Dr. Mihaly Ficsor. This cost was necessary because Dr. Ficsor was designated to testify at trial in the parties' Pretrial Order Paragraph 6(d) [Docket No. 108].

10. In support of Plaintiffs' request for $10,767.77 in other costs, I have included $10,767.77 in litigation costs that Plaintiffs paid to the U.S. Department of Justice pursuant to this Court's August 24, 2005 Order. The Court ordered Plaintiffs to pay those costs to Defendants after the government initially prevailed on summary judgment. Because on remand the Court has granted Plaintiffs' motion for summary judgment and denied the Government's motion for summary judgment, and because Plaintiffs have obtained all of the relief they initially sought, Plaintiffs are now the prevailing parties in this litigation. Accordingly, Plaintiffs are entitled to a refund of the litigation costs paid to the Government.

- o Attached as Exhibit S to this declaration are true and correct copies of the purchase requisition and supporting documentation reflecting CIS's payment of $10,767.77 in court-ordered litigation costs to Defendants.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 21st day of April, 2009.

Christopher K. Ridder

8