IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:01-cv-1854-LTB-BNB

LAWRENCE GOLAN,
RICHARD KAPP,
S.A. PUBLISHING CO., INC., d/b/a ESS.A.Y RECORDINGS,
SYMPHONY OF THE CANYONS,
RON HALL, d/b/a FESTIVAL FILMS, and
JOHN McDONOUGH, d/b/a TIMELESS VIDEO ALTERNATIVES INTERNATIONAL,

        Plaintiffs,

v.

ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States,
MARYBETH PETERS, in her official capacity as Register of Copyrights, Copyright Office of
the United States,

        Defendants.

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS

On June 17, 2009, the Court granted the parties' stipulated motion to continue the deadline for either party to file a motion to review the Clerk's taxation of costs, extending the deadline to July 14, 2009 [Docket No. 175]. Thus, Plaintiffs' motion for review, filed on June 16, 2009 [Docket No. 174] – the day before the Court issued its order – was filed early, if only in retrospect. The government still has until July 14 to file any motion for review on its part; until such time, the record before the Court is incomplete and judicial resolution of Plaintiffs' motion is premature. However, out of an abundance of caution, the government submits its opposition now, to ensure that such opposition is timely.

The government opposes two elements of Plaintiffs' motion. The first is Plaintiffs' argument that the Court should award them $1,000 in pro hac vice admission fees that were not taxed by the Clerk. The Clerk's refusal to tax such costs under 28 U.S.C. § 1920 was correct. Most courts to address whether pro hac vice admission fees have determined that such costs are not taxable, as "[s]uch fees are an expense of counsel for the privilege of practicing law" in a given court. See Romero v. United States, 865 F. Supp. 585, 594 (E.D. Mo. 1994) (citing Northcross v. Bd. of Educ., 611 F.2d 624, 639 (6th Cir. 1979)); see also Montgomery County v. Microvote Corp., No. 97-cv-6331, 2004 WL 1087196, at *3 (E.D. Pa. May 13, 2004) (same); Schmitz-Werke GMBH v. Rockland Indus., 271 F. Supp. 2d 734, 734 (D. Md. 2003) ("The pro hac vice fee is an expense of counsel, not the client, and is thus not recoverable."). This Court should reach the same conclusion here, as the multiple pro hac vice admissions of Plaintiffs' successive California-based counsel represented the cost of the privilege of practicing before this Court, and should not have been borne by Plaintiffs themselves (whether they were or not). In addition, given that Plaintiffs were also represented by Colorado-based counsel who were already admitted to this Court, additional pro hac vice admissions were not necessary.

Second, Plaintiffs incorrectly argue that the reimbursement of $10,767.77 in costs previously awarded to the government in 2005 represent a "cost" taxable under 28 U.S.C. § 1920. The costs that are taxable under § 1920 are strictly enumerated, and do not include the recovery of costs previously awarded to an opposing party. It may be that the reimbursement of previously awarded costs is appropriate – and the parties are working to resolve that very issue

2

between themselves – but it is also clear that they are not appropriately taxed pursuant to § 1920, as the Clerk concluded in its taxation of costs [Docket No. 167].

For the foregoing reasons, the Court should deny Plaintiffs' motion for review in part.

Dated: July 6, 2009

OF COUNSEL:

DAVID O. CARSON
General Counsel
U.S. Copyright Office

ROBERT KASUNIC
Principal Legal Advisor
U.S. Copyright Office

Respectfully submitted,

TONY WEST
Assistant Attorney General

DAVID M. GAOUETTE
Acting United States Attorney

VINCENT M. GARVEY
Deputy Branch Director

 */s/ Christopher R. Hall*
CHRISTOPHER R. HALL
Trial Attorney
United States Department of Justice
Civil Division, Room 7128
20 Massachusetts Ave, NW
Washington D.C. 20530
(202) 514-4778
(202) 616-8470, facsimile

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I certify that, on July 6, 2009, I caused a copy of the foregoing Defendants' Opposition to Plaintiffs' Motion to Review the Clerk's Taxation of Costs to be served by electronic mail via the Court's ECF procedures upon counsel at the following addresses:

Hugh Gottschalk
Wheeler Trigg O'Donnell LLP
1801 California Street, Ste. 3600
Denver, CO 80202-2636
gottschalk@wtotrial.com

Carolyn Fairless
Wheeler Trigg O'Donnell LLP
1801 California Street, Ste. 3600
Denver, CO 80202-2636
fairless@wtotrial.com

Anthony T. Falzone
Center for Internet and Society
Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305-8610
anthony.falzone@stanford.edu

*/s/ Christopher R. Hall*
CHRISTOPHER R. HALL