**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 01-cv-01854-LTB

LAWRENCE GOLAN;
ESTATE OF RICHARD KAPP;
S.A. PUBLISHING CO., INC., d/b/A ESS.A.Y. RECORDINGS;
SYMPHONY OF THE CANYONS;
RON HALL, d/b/A FESTIVAL FILMS; and
JOHN McDONOUGH, d/b/a TIMELESS VIDEO ALTERNATIVES INTERNATIONAL,

        Plaintiffs,

v.

ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States; and MARYBETH PETERS, in her official capacity as Register of Copyrights, Copyright Office of the United States,

        Defendants.
_____

**ORDER**
_____

This matter is before me on Plaintiffs' Motion to Review Clerk's Taxation of Costs [**Docket # 174**]; Defendants' Response [**Docket # 179**]; and Plaintiffs' Reply [**Docket # 184**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY in part and HOLD IN ABEYANCE in part Plaintiffs' Motion to Review Clerk's Taxation of Costs [**Docket # 174**].

**I. BACKGROUND**

This case concerns the validity of Section 514 of the Uruguay Round Agreements Act, 17 U.S.C. § 104A ("URAA"). Plaintiffs filed suit in September 2001. Both parties moved for summary judgment, and the Court granted summary judgment in favor of Defendants on April 20, 2005. [**Docket # 105**]. On August 24, 2005, this Court awarded $10,767.77 in costs to

Defendants as the prevailing party. [**Docket # 129**].

Plaintiffs appealed my April 20, 2005, decision to the Tenth Circuit.  On September 4, 2007, the Tenth Circuit affirmed in part and reversed in part, remanding on Plaintiffs' claim that the URAA violates the First Amendment. [**Docket # 130**].  Both parties again moved for summary judgment, and the Court—in light of the Tenth Circuit's September 4, 2007, opinion—granted summary judgment in favor of Plaintiffs. [**Docket # 156**].  Plaintiffs were awarded costs. [**Docket # 157**].

On June 2, 2009, the Clerk of the Court taxed costs against Defendants in the amount of $9,458.50. [**Docket # 167**].  Plaintiffs now request the Court review the Clerk's taxation of costs and modify the award to include *pro hac vice* fees in the amount of $1,000.00, and award additional costs in the amount of $10,767.77—the costs previously paid to Defendants in connection with the August 24, 2005, order. [**Docket # 174**].

## II.  *PRO HAC VICE* FEES

Plaintiffs argue they should be awarded *pro hac vice* fees in the amount of $1,000.00.  As noted by Defendants, the majority of courts considering this issue hold that *pro hac vice* fees are an "expense of counsel for the privilege of practicing law" in a given court and, accordingly, are not taxable under 28 U.S.C. § 1920.  *See Sun Media Systems, Inc. v. KDSM, LLC*, 587 F. Supp. 2d 1059, 1066 (S.D. Iowa 2008) (discussing cases).  Plaintiffs, on the other hand, argue I should follow the rule in the District of Kansas, which allows such fees as "fees of the clerk" under 28 U.S.C. § 1920(1).  *See Davis v. Puritan-Bennett Corp.*, 923 F. Supp. 179, 181 (D. Kan. 1996).  Neither the District of Colorado nor the Tenth Circuit appears to have considered this issue.

I do not find the rule announced in *Davis* to be persuasive.  Neither Rule 54 nor 28 U.S.C. § 1920 authorize *pro hac vice* admission fees to be taxed as costs.  Subsection 1 of

2

Section 1920—the subsection relied upon by Plaintiffs—provides only for the taxation of "fees of the clerk" as costs. The "fees of the clerk" are further set out in 28 U.S.C. § 1914—which provides the clerk may charge a filing fee, and "additional fees only as are prescribed by the Judicial Conference of the United States." *Pro hac vice* fees are a creature of the courts—they are not authorized by statute or the Judicial Conference of the United States. *See Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1460 (M.D. Ala. 1997). Moreover, expenses incident to the hiring of out-of-state counsel—including *pro hac vice* fees—are generally considered attorney fees. *See Karsian v. Inter-Regional Financial Group, Inc.*, 13 F. Supp. 2d 1085, 1088 (D. Colo. 1998); *see also Koam Produce, Inc. v. Dimare Homestead, Inc.*, 222 F. Supp. 2d 399, 401 (S.D.N.Y. 2002). The express language of Rule 54 indicates attorney fees should not be considered as "costs" for purposes of Section 1920. *See* FED. R. CIV. P. 54(d)(1) ("costs—*other than attorneys' fees*—should be allowed to the prevailing party") (emphasis added).

Even if the rule announced in *Davis* were persuasive, it would not apply to the facts of this case. The Davis court awarded *pro hac vice* fees to a defendant because the defendant was compelled to defend itself in a Kansas court. *See Davis*, 923 F. Supp. at 181 ("Plaintiff ignores the fact that these motions were specifically and necessarily filed in response to her suit. Plaintiff selected the forum and compelled defendant to defend itself in this district."). In this case, Plaintiffs chose Colorado as the forum and further chose to proceed with non-Colorado counsel. Accordingly, Plaintiffs' motion for recovery of $1,000.00 in *pro hac vice* costs disallowed by the Clerk is denied.

### III.  COSTS AWARDED DEFENDANTS ON AUGUST 25, 2005

On August 24, 2005, this Court awarded $10,767.77 in costs to Defendants as the prevailing party. [**Docket # 129**]. Where—as here—a district court's order granting summary judgment is reversed in substantial part on appeal, any attendant award of costs is also reversed.

*See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1221–22 (10th Cir. 2003). Similarly, where a district court awards costs to a party and, following appeal, that party is no longer considered the prevailing party, the award of costs must be reversed. *See Center for Legal Advocacy v. Earnest*, 320 F.3d 1107, 1112–13 (10th Cir. 2003). Accordingly, the August 24, 2005, award of $10,767.77 in costs to Defendants [**Docket # 129**] is reversed. As both parties have appealed to the Tenth Circuit, however, the Court will hold Plaintiffs' motion—to the extent it seeks an order awarding it additional costs of $10,766.77—in abeyance pending the outcome of the appeal.

## IV. CONCLUSION

Accordingly, Plaintiffs' Motion to Review Clerk's Taxation of Costs [**Docket # 174**] is DENIED in part and HELD IN ABEYANCE in part as follows:

1. Plaintiffs' motion to recover $1,000.00 in *pro hac vice* fees is DENIED;

2. The August 24, 2005, award of $10,767.77 in costs to Defendants [**Docket # 129**] is REVERSED;

3. Plaintiffs' motion to recover $10,767.77 in costs previously paid to Defendants in connection with the August 24, 2005, order is HELD IN ABEYANCE pending the outcome of both parties' appeals to the Tenth Circuit.

Dated: August   11  , 2009.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge